IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| DANA THOMAS MURPHY, Individually and on Behalf of Her Minor Children, MAKENZIE N. MURPHY and MADISON J. MURPHY | * * * | NO. 3:07CV864 JUDGE JAMES MAG. JUDGE HAYES |
| VERSUS | * | |
| FORD MOTOR COMPANY, INC., TRW AUTOMOTIVE SAFETY ELECTRONICS SYSTEMS, and KEY SAFETY SYSTEMS, INC. | * | |

\*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DANA MURPHY'S PAST VIOLATIONS**

MAY IT PLEASE THE COURT:

I.   BACKGROUND

This products liability action arises out of an April 25, 2006 motor vehicle accident in Monroe, Louisiana. Plaintiff, Dana Murphy, was driving a 1995 Ford Mustang the wrong direction on a one way street when she broad-sided an intersecting vehicle. In the Mustang with her at the time were her three minor children. Makenzie Murphy, her six-year old daughter, was riding unbelted in the front passenger seat. The other passengers were properly restrained. Both of the Mustang's airbags deployed as a result of the collision. Non-responsive at the scene, Makenzie died of head and neck injuries two days later. None of the other vehicle occupants were injured. Plaintiffs filed the instant products liability action against Ford Motor Company,

claiming the passenger airbag should not have deployed, or alternatively, should have deployed with less force.

Plaintiffs have filed the subject Motion in Limine to exclude evidence of Dana Murphy's past traffic violations. Three legal theories allegedly support plaintiffs' argument. The first theory relies upon the definition of relevance as contemplated in Fed. R. Evid. 401. Plaintiffs claim that evidence of Ms. Murphy's past traffic citations is irrelevant because her past violations make no material fact in this trial more or less probable. Stated another way, she admits she was driving carelessly and she admits Makenzie was unbelted, so evidence of prior child violations is immaterial and irrelevant.

The second argument focuses on Fed. R. Evid. 404(b), which disallows evidence of prior crimes, wrongs or acts to prove the character of a person to show they acted in conformity therewith. Plaintiffs claim the Rule 404(b) precludes Ford from using these prior violations to establish a causal connection with the current circumstances. The third and final legal theory rests on the balancing test set forth in Fed. R. Evid. 403. Plaintiffs argue that the potentially prejudicial nature of Ms. Murphy's past violations far outweighs any probative value the evidence may have. These violations would be prejudicial because jurors would be left with the impression "plaintiff does not take the necessary safety precautions when driving with her children." (Plaintiffs' Memorandum Support, p. 4).

Other than a vague reference to a past child seatbelt violation, plaintiffs' Memorandum does not describe which violations it would like the Court to exclude. The past child seat violation referenced in the Motion pertains to Ms. Murphy's February 14, 2001 charge for violating LA. REV. STAT. § 32:295, entitled "Child passenger restraint system." Official government records prove she pled guilty to the charge on March 5, 2001. In addition, approximately one year prior to the accident, Ms. Murphy pled guilty to first offense DUI.

As discussed in greater detail below, Ford respectfully petitions the Court to deny plaintiffs' Motion as premature. A central theme of plaintiffs' case has been (and we expect will be) that Ms. Murphy's failure to seatbelt Makenzie was a one-time, freak, out-of-the-ordinary occurrence caused solely by her confusion while driving in Monroe. Moreover, one of plaintiffs' key liability theories is that Ford failed to adequately warn Ms. Murphy of the risks and dangers of allowing young children to travel unbelted in the front passenger seat. Evidence of her other driving violations may be <u>exceptionally relevant</u> to dispute and disprove the above theories, depending upon the specific details of the testimony of Ms. Murphy and her trial witnesses.

## II. ARGUMENT

The decision whether to admit or exclude certain evidence is premature until evidence is received at trial, and thus dependent on the Plaintiff's response. *See, U.S. Xpress, Inc. v. Am. Field Serv. Corp.*, No. 3:07CV13, 2008 WL 2714635, at *4 (N.D. Miss. June 26, 2008) (Ruling, in part, that one party's motion in limine to exclude evidence of the opposing party's prior accident "is denied as being premature").

While the Ford agrees that the evidence at issue would be prejudicial to the Plaintiff, "evidence is meant to be prejudicial in the broad sense." *U.S. v. Martinez*, 555 F.2d 1273, 1276 (5th Cir. 1977) (distinguished on other grounds). *See also Spring v. Beverly Enterprises Miss., Inc.*, No. 99-60174, 2000 WL 178163, at *4 (5th Cir. Jan. 25, 2000) (unpublished) ("the mere fact that evidence is prejudicial is insufficient to exclude its admissibility under Rule 403"). "It is not enough simply to show that the evidence is prejudicial as virtually all evidence is prejudicial or it is not material." *U.S. v. Rocha*, 916 F.2d 219, 239 (5th Cir. 1990); *U.S. v. Clark*, No. 07-51442, 2009 WL 2195985, at *12 (5th Cir. July 24, 2009)

If Ms. Murphy and her expert witnesses testify truthfully about her past practice of child restraint use and her knowledge of the risks associated with children riding unbelted in the front

3

passenger seat, it may be unnecessary for Ford to confront her with these past convictions. Plaintiffs are correct insofar as the evidence may be cumulative and unnecessary **IF** plaintiffs' witnesses tell the truth.

If, on the other hand, there is testimony suggesting Ms. Murphy was a fastidious and careful driver who religiously belted her children, and who (but for this single, momentary lapse in judgment) never took risks on the road, evidence of her past convictions would become necessary for impeachment and credibility purposes. Ford suggests there is a strong likelihood plaintiffs will take this (misleading and erroneous) position given the statement on page four of their Memorandum, cited above, implicitly suggesting plaintiff does, in fact, "take the necessary safety precautions when driving with her children."

The Federal Rules of Evidence specifically authorize the use of impeachment evidence to cross examine witnesses whose truthfulness is at issue. FED. R. EVID. 608(b). FED. R. EVID. 608(b) states:

> Specific instances of conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime…may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The Fifth Circuit has held that "prior bad acts that have not resulted in a (felony) conviction are admissible under FED. R. EVID. 608(b) if relevant to the witness's character for truthfulness or untruthfulness." *U.S. v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998). Here, Ms. Murphy's prior acts may become relevant to impeach her trial testimony. This evidence would be prejudicial only to the extent it would interfere with her ability to mislead the jury about her driving habits and knowledge of the risks of airbags to unbelted children.

4

Finally, Fed. R. Evid. 404(b) does not apply under the circumstances of this case. Ford does not intend to introduce evidence of Ms. Murphy's past seatbelt and traffic violations to prove Makenzie was unbelted, nor to prove she was driving the wrong direction down a one way street in violation of Louisiana law. These facts are uncontested. Attacking Ms. Murphy's credibility would be the principle reason for Ford to discuss this evidence. If she tells the truth, and does not attempt to portray herself and her case in an inaccurate manner, the evidence to which plaintiffs object will be unnecessary.

### III. CONCLUSION

Accordingly, Ford respectfully petitions the Court to deny plaintiffs' Motion in Limine as premature. Evidence of Ms. Murphy's past moving violations may be relevant for impeachment and credibility purposes, depending on her trial testimony.

Respectfully submitted,

_____
ROBERT W. MAXWELL, T.A. (Bar No.17673)
KEITH W. McDANIEL (Bar No. 17992)
JAMES C. RATHER, JR. (Bar No. 25839)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, MAXWELL & McDANIEL
195 Greenbrier Boulevard, Suite 200
Covington, Louisiana 70433
**Telephone: 504/831-0946**
**Fax: 985/809-9677**
E:mail: rmaxwell@mcsalaw.com
jrather@mcsalaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

5

MICHAEL L. DUBOS, ESQ.
BREITHAUPT, DUNN, DUBOS, SHAFTO
   & WOLLESON, LLC
1800 Hudson Lane, Suite 200-A
Monroe, Louisiana 71201
**Telephone: 318/322-1202**
mdubos@bddswlaw.com

-and-

G. LYNN SHUMWAY, ESQ.
6909 East Greenway, Suite 200
Scottsdale, Arizona 85254
**Telephone: 480/368--0002**
**Fax: 480/315-8044**
shumway@carsafetylaw.com

-and-

LAVALLE B. SALOMON, ESQ.
700 North 2nd Street
Post Office Box 14596
Monroe, Louisiana 71207
**Telephone: 318/387-1222**
**Fax: 318/387-1273**
valsalomon@jar.rr.com
ATTORNEY FOR PLAINTIFFS

_____
JAMES C. RATHER, JR.

6