# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| DANA THOMAS MURPHY, ET AL. | CIV. ACTION NO. 07-864 |
| VERSUS | JUDGE ROBERT G. JAMES |
| FORD MOTOR COMPANY, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

In the Pre-Trial Order, Plaintiff Dana Thomas Murphy ("Murphy"), individually and on behalf of her minor children, Makenzie and Madison Murphy, did not identify any contested fact that would support a claim for failure to warn under the Louisiana Products Liability Act, LA. REV. STAT. §§ 9:2800.51-2800.60 ("LPLA"). However, Murphy did assert a failure to warn claim in her original Petition and has now requested jury instructions on failure to warn and provided a draft jury verdict form that also includes a failure to warn claim. Therefore, the Court discussed with counsel during a pre-trial conference on the first morning of trial whether Murphy actually asserts a failure to warn claim.

Murphy's counsel indicated that they do wish to pursue a failure to warn claim. However, counsel admitted that they do not have expert testimony to support this claim. They contend that they do not need expert testimony under the LPLA and that it is an issue of fact for the jury to judge whether a warning, written in language for a consumer, is sufficient to warn persons of the danger at issue. Counsel further argue that, even though Murphy admittedly did not read the warning on the visor of the car, nor the warning contained in the owner manual, Ford could have placed a warning in another location with additional language.

In response, Ford argues that Murphy's failure to read the warnings provided to her

foreclose her argument. Additionally, Ford contends that the case law interpreting the LPLA requires expert testimony to support a claim of an inadequate warning. Finally, Ford points out that Murphy's arguments only reinforce the need for expert testimony because of the federal regulations governing the location and language of the warnings.

Even though a product is not defective, a manufacturer has a duty to instruct reasonably foreseeable users of its product with regard to its safe use. *Sawyer v. Niagara Machine and Tool Works, Inc.*, 535 So.2d 1057 (La. 2 App. 1988), *writ denied*, 536 So.2d 1222 (La. 1989). To maintain a claim that a product is "unreasonably dangerous" because "an adequate warning about the product has not been provided," the plaintiff must show that "at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." LA. REV. STAT. § 9:2800.57(A). The LPLA defines "adequate warning" as "a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made." LA. REV. STAT. 9:2800.53(9). The lack of an adequate warning must exist at the time the product left the manufacturer's control or result from a reasonably anticipated alteration or modification of the product. LA. REV. STAT. § 9:2800.54(C).

First, with regard to expert testimony, in the words of a fellow district court judge, "[t]he adequacy of a warning is a factual issue which the jury can handle without expert help from either side." *Calvit v. Procter & Gamble Mfg. Co.*, 207 F.Supp.2d 527, 529 (M.D. La. 2002).

2

However, Murphy does not prevail merely on this basis.

As plaintiff, Murphy bears the burden of establishing proximate cause. *See* LA. REV. STAT. § 9:2800.54 ("The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity."). In this case, Murphy cannot rely on any alleged inadequacies in the warning on the visor or in the owner manual to meet her proximate cause burden because she admits that she did not read either warning, failed to appreciate some hazard or risk, and suffered injuries (individually or as the representative of her children) as a result. *Cf.* LA. REV. STAT. §§ 9:2800.54(A), .57(A). Murphy could only meet her proximate cause burden if she could show that an additional warning was needed in another location in the car because of the likelihood that a user would not consult the warning on the visor or in the owner manual. *See, e.g., Delery v. Prudential Ins. Co. of Am.*, 94-CA-0352 (La. 4 App. 09/29/94); 643 So. 2d 807, 814 (holding that the manufacturer breached its duty to warn based on evidence that the warning on the bottom of the chair was not likely to be seen by a user of the chair and that the warning in the sales brochure was not forwarded to the user of the chair).

Unlike those cases where the manufacturer failed to provide a warning in a location likely to be seen by a user, Ford provided two warnings: in the owner manual and on the visor, likely to be seen by any user of the product. The Court finds it to be speculative as to whether Murphy, or any other user, would have read another warning placed in another location in the car when she failed to read warnings on the visor and in the owner manual.

Even if Murphy contends that she would have read the warning in another location in the

car and still failed to appreciate the hazard or risk, Ford contends, and Murphy does not dispute, that any additional warnings, including the location and language, would have been regulated or dictated by the National Highway Traffic Safety Administration ("NHTSA") under the authority of the National Traffic and Motor Vehicle Safety Act of 1966 (the "Safety Act"), 15 U.S.C. § 1391, *et seq.*, recodified as amended, 49 U.S.C. § 30101, *et seq.* While counsel clearly disagree as to what the NHTSA would permit, that is precisely why expert testimony would be needed to show where and what additional warnings could be placed on the vehicle. Murphy admits that she does not have expert testimony to support her warnings claim. Therefore, the Court finds that Murphy does not have sufficient evidence to proceed with her failure to warn claim, and Ford is entitled to judgment as a matter of law on this claim.

However, the Court finds that the content of the warnings on the visor and in the owner manual may be relevant to Murphy's design defect claim. To maintain a claim that a product is "unreasonably dangerous" in its design, a plaintiff must show that

> [t]he likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. **An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.**

LA. REV. STAT. § 9:2800.56(2) (emphasis added). A design defect must exist at the time the product left the manufacturer's control or result from a reasonably anticipated alteration or modification of the product. LA. REV. STAT. § 9:2800.54(C). Thus, if Ford argues that the likelihood of damage was low because the visor and the owner manual adequately warned the user about the danger, Murphy may seek to rebut that argument. *See White v. Black & Decker*

*(U.S.) Inc.*, 03-0874, 2004 U.S. Dist. LEXIS 11233, at *28–29 (E.D. La. June 15, 2004) (holding that the warnings significantly reduced the likelihood and gravity of damage).

In sum, Murphy is not entitled to proceed with her failure to warn claim, but may rebut any attempt by Ford to use its warnings to defend against her design defect claim.

MONROE, LOUISIANA, this 11th day of September, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE